IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON DEAN LONG,

Plaintiff,

v.                                                           CASE NO. 20-3145-SAC

KEVIN FRIEND,
Sheriff, Linn County Sheriff's Department,

Defendant.

## MEMORANDUM AND ORDER

Plaintiff filed this *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983.  Plaintiff is currently housed at the Larned State Hospital in Larned, Kansas.  However, his Complaint alleges his civil rights were violated when he was detained at the Linn County Jail in Mound City, Kansas. The Court granted Plaintiff leave to proceed *in forma pauperis*.

Plaintiff's Complaint (ECF No. 1) alleges his constitutional rights were violated in February of 2017 when he was chained to a bench at the Linn County Jail for four days.

Plaintiff names as defendant Kevin Friend, the current sheriff of Linn County.  He claims violation of his rights under the Fifth, Eighth, and Fourteenth Amendments, and seeks compensatory and punitive damages.

The Court conducted an initial screening of the Complaint and entered an order requiring Plaintiff to show cause why his Complaint should not be dismissed as barred by the statute of limitations.  *See* Memorandum and Order to Show Cause, ECF No. 11.  Plaintiff filed responses to the show cause order.  *See* ECF Nos. 12, 13, and 15.

1

The Court has considered Plaintiff's responses and finds that the proper processing of Plaintiff's claims cannot be achieved without additional information from appropriate officials of Linn County Jail. *See Martinez v. Aaron*, 570 F.2d 317 (10th Cir. 1978); *see also Hall v. Bellmon*, 935 F.2d 1106 (10th Cir. 1991). Accordingly, the Court orders the appropriate officials of the Linn County Jail to prepare and file a *Martinez* Report. Once the report has been received, the Court can properly screen Plaintiff's claims under 28 U.S.C. § 1915.

Plaintiff filed a Motion to Appoint Counsel (ECF No. 16), arguing that he has been found to be incompetent to stand trial three times since 2017 and is unable to afford counsel.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears

capable of adequately presenting facts and arguments at this time.  The Court denies the motion without prejudice to refiling the motion if Plaintiff's Complaint survives screening.

Plaintiff has also filed a motion asking the Court to waive the remainder of his filing fee (ECF No. 17).  The Court previously granted Plaintiff leave to proceed *in forma pauperis*.  28 U.S.C. § 1915(b)(1) states that a prisoner bringing a civil action *in forma pauperis* "shall be required to pay the full amount of a filing fee."  Plaintiff's motion is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for Appointment of Counsel (ECF No. 16) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive Remaining Filing Fee Due (ECF No. 17) is **denied**.

**IT IS FURTHER ORDERED** that**:**

(1)     the clerk of the court shall prepare a waiver of service form for Defendant pursuant to Rule 4(d) of the Federal Rules of Civil Procedure, to be served upon Defendant at no cost to Plaintiff. The report required herein shall be filed no later than sixty (60) days from the date of this order, unless the time is extended by the Court. The answer or other responsive pleading shall be filed thirty (30) days after the *Martinez* report is filed.

(2)     Officials responsible for the operation of the Linn County Jail are directed to undertake a review of the subject matter of the Complaint:

a.   To ascertain the facts and circumstances;

b.   To consider whether any action can and should be taken by the institution to resolve the subject matter of the Complaint; and

c.   To determine whether other like complaints, whether pending in this Court or

elsewhere, are related to this Complaint and should be considered together.

(3)     Upon completion of the review, a written report shall be compiled which shall be filed with the Court and served on Plaintiff.  The officials preparing the report must seek leave of the Court if they wish to file certain exhibits or portions of the report under seal or without service on Plaintiff.  Statements of all witnesses shall be in affidavit form.  Copies of pertinent rules, regulations, official documents, and, wherever appropriate, the reports of medical or psychiatric examinations shall be included in the written report.  Any recordings related to Plaintiff's claims shall also be included.

(4)     Authorization is granted to the officials of the Linn County Jail to interview all witnesses having knowledge of the facts, including Plaintiff.

(5)     No answer or motion addressed to the Complaint shall be filed until the *Martinez* Report required herein has been prepared.

(6)     Discovery by Plaintiff shall not commence until Plaintiff has received and reviewed Defendant's answer or response to the Complaint and the report ordered herein. This action is exempted from the requirements imposed under Fed. R. Civ. P. 26(a) and 26(f).

Copies of this order shall be transmitted to Plaintiff, to Defendant, and to the Linn County Attorney.

**IT IS SO ORDERED**.

**Dated April 7, 2021, in Topeka, Kansas.**

> **s/  Sam A. Crow_____**
> **Sam A. Crow**
> **U.S. Senior District Judge**