IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON DEAN LONG,

                **Plaintiff,**

    v.                                          CASE NO. 20-3145-SAC

KEVIN FRIEND,
Sheriff, Linn County Sheriff's Department,

                **Defendant.**

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (Doc. 31). The motion is ripe for decision as Plaintiff has filed a response. Defendant's motion is granted for the reasons stated herein.

**I.**    **Procedural History**

On August 8, 2021, Defendant filed a Motion for Summary Judgment (Doc. 31). As required by Local Rule 56.1(f), Defendant provided Plaintiff, who is proceeding pro se, with the required notice regarding motions for summary judgment. (Doc. 38.) The notice was mailed to Plaintiff's address of record. Plaintiff has filed three responses to the motion. (Docs. 35, 39, 40.)

Plaintiff's responses to Defendant's summary judgment motion do not comply with the federal or local rules. Plaintiff did not properly respond to Defendant's statement of facts set forth in the Memorandum in Support (Doc. 32) as required by Fed. R. Civ. P. 56(c) and D. Kan. Rule 56.1(b)(1). Plaintiff's pro se status does not excuse his noncompliance especially because Defendant complied with D. Kan. Rule 56.1(f) and sent Plaintiff the required notice for motions

1

for summary judgment. Thus, the Court deems Defendant's facts admitted and disregards Plaintiff's unsupported and procedurally improper factual contentions.

## II. Uncontroverted Facts

1. Long alleges that in February 2017 he called an ambulance because he was feeling suicidal. (Doc. 1.) He further alleges that he was taken to the Linn County Jail ("LCJ") instead of to a hospital. (*Id*.) In addition, he claims that he was chained to a jail bench (at the direction of a state court judge) for four days until he was transferred to Osawatomie State Hospital ("OSH"). (*Id*.) Plaintiff also alleges that he was not allowed to contact an attorney, or anyone else, or use the law library during the time he was shackled to the bench. (*Id*.)

2. Long alleges that the LCJ contained a large amount of black mold that caused a severe risk to his health. (*Id*.)

3. Defendant Kevin Friend did not become Sheriff of Linn County until October 8, 2019. (Doc. 30-6.) Friend was not Sheriff or employed in the Linn County Sheriff's Office in 2017 when the incidents alleged in Plaintiff's complaint occurred. (*Id*.)

4. On May 20, 2017, Long was arrested for aggravated assault and booked into the LCJ. (Doc. 30-1 at 1.) He stayed in jail until May 23, 2017. (*Id*. at 7.)

5. On May 23, 2017, Long was admitted to OSH. (*Id*.)

6. On May 25, 2017, the Linn County Attorney, James Brun, filed criminal charges against Long. The case number was 2017-CR-091. (Doc. 30-2 at 1.)

7. On June 13, 2017, Long was discharged from OSH and returned to the LCJ. (Doc. 30-1 at 8.)

8. On June 22, 2017, Long was released from jail on bond. (Doc. 30-1 at 7.)

9. On July 25, 2017, Long's attorney filed a motion to determine Long's competency to stand trial. The motion indicated Long had "possible psychotic disorders and paranoid thinking." (Doc. 30-2 at 6.)

10. On August 9, 2017, the District Court Judge, Terri Johnson, granted the motion and ordered that the evaluation be conducted by the Southeast Kansas Mental Health Center (SEK) in Pleasanton, Kansas. The State would pay the cost. (Doc. 30-2 at 8.)

11. On November 7, 2017, no competency evaluation had been conducted. Judge Johnson ordered that Long's attorney contact SEK again. (Doc. 30-2 at 14.)

12. On November 30, 2017, SEK contacted the Linn County Sheriff's Office and requested that Long be taken into police protective custody because of suicidal and homicidal comments he was making at SEK. Long was taken into police custody without incident. Bryan Cook, a mental health screener with SEK, went to the jail and conducted an evaluation of Long the same day. Cook determined Long should be involuntarily committed to OSH. Long was transported from the Linn County Jail to Fort Scott Mercy Hospital to await a bed opening at OSH. (Doc. 30-1 at 9, 15.)

13. On December 21, 2017, an arrest warrant was issued for Long because he failed to appear at a court status conference on December 19. (Doc. 30-2 at 17.)

14. On January 5, 2018, Long was arrested pursuant to the warrant and returned to the LCJ. (Doc. 30-2 at 21.)

15. On January 11, 2018, Judge Johnson again ordered that a competency evaluation be performed by SEK. (Doc. 30-2 at 22.)

16. On January 12, 2018, Long was place on OR bond and was released from the LCJ. (Doc. 30-2 at 25.)

17.  On March 13, 2018, an arrest warrant was issued for Long because he failed to appear at a status conference.  (Doc. 30-2 at 29.)

18.  On April 28, 2018, Long was arrested and jailed in Nevada, Missouri for unlawful possession of a firearm and receiving stolen property.  (Doc. 30-3 at 1.)

19.  Long was incarcerated in the Vernon County, Missouri, Jail from May 1, 2018 to February 7, 2020.  (Doc. 12 at 4.)

20.  On June 5, 2018, Judge Quitno of the Circuit Court of Vernon County entered an order for Long to undergo a mental examination.  (Doc. 30-3 at 5.)

21.  On November 16, 2018, a mental evaluation report was filed.  (Doc. 30-3 at 5.)

22.  On May 10, 2019, Vernon County District Judge Fisher entered a commitment order. (Doc. 30-3 at 4.)

23.  On September 19, 2019, Long filed a motion to dismiss the Vernon County charges due to incompetency.  (Doc. 30-3 at 3.)

24.  On November 12, 2019, a mental evaluation of Long was filed, and Judge Fisher found that Long was competent to proceed.  (Doc. 30-3 at 3.)

25.  On February 7, 2020, Long was arrested pursuant to the still pending bench warrant and returned to the LCJ on the charge from 2017.  (Doc. 30-2 at 32.)

26.  On May 26, 2020, Long filed this lawsuit.

**III.   Summary Judgment Standards**

Summary judgment is appropriate if the moving party demonstrates that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a) and (c).  A factual dispute is "material" only if it "might affect the outcome of the suit under the governing law" and is "genuine" only "if the evidence is such that a reasonable jury

4

could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted). The Court views all evidence and draws all reasonable inferences in the light most favorable to the party opposing summary judgment. *Pinkerton v. Colorado Dep't. of Transp.*, 563 F.3d 1052, 1058 (10th Cir. 2009) (citation omitted). However, "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986)).

**IV.    Analysis**

Defendants contend they are entitled to summary judgment because Plaintiff's claims are barred by the statute of limitations.

The statute of limitations for § 1983 claims "is drawn from the personal-injury statute of the state in which the federal district court sits." *Mondragon v. Thompson,* 519 F.3d 1078, 1082 (10th Cir. 2008). The Court therefore applies Kansas's two-year statute of limitations for personal injury actions. *See* Kan. Stat. Ann. § 60–513(a)(4); *Brown v. Unified School Dist. 501, Topeka Public Schools*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* at 388 (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted). "Since the injury in a **§** 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Smith*

*v. City of Enid ex rel. Enid City Commission,* 149 F.3d 1151, 1154 (10th Cir. 1998) (quotation marks and citations omitted).

Plaintiff filed his Complaint on May 26, 2020. Plaintiff's alleged claim accrued either in February of 2017, as Plaintiff states in the Complaint, or May of 2017, as appears more likely based on the uncontroverted facts. Either way, the claim accrued more than two years prior to the filing date of the Complaint. Consequently, unless tolling applies, Plaintiff's claim is untimely.

In certain limited circumstances, the statute of limitations may be subject to tolling. Because the Court applies the Kansas statute of limitations in § 1983 cases, it also looks to Kansas law for questions of tolling. *Fratus v. Deland,* 49 F.3d 673, 675 (10th Cir. 1995). The plaintiff has the burden of establishing a factual basis for tolling the limitations period. *Aldrich v. McCulloch Props., Inc.,* 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); *Slayden v. Sixta,* 825 P.2d 119, 122 (Kan. 1992).

Generally, a Kansas court cannot extend the limitation period except as provided by statute. *McClain v. Roberts*, 304 P.3d 364 (Table), 2013 WL 3970215, *3 (Kan. App. Aug. 2, 2013), citing *Underhill v. Thompson,* 158 P.3d 987, 995 (Kan. App. 2007). Kansas law provides that a prisoner is presumed to be a person under a legal disability so that the limitation period would be tolled until the disability is removed (here, when the person is released). K.S.A. 60–515(a). However, the statute further provides that "if a person imprisoned for any term has access to the court for purposes of bringing an action, such person shall not be deemed to be under legal disability." K.S.A. 60–515(a). Therefore, to be entitled to tolling under K.S.A. 60-515(a), a prisoner must have been denied access to the courts such that he could not file within the limitation period. *McClain,* 2013 WL 3970215 at *3, citing see *Bulmer v. Bowling,* 4 P.3d 637, 639 (Kan. App. 2000); *Parker v. Bruce,* 109 F. App'x 317, 319 (10th Cir. 2004) (unpublished opinion). While

6

Plaintiff included a claim in the Complaint that he was denied access to a law library, his supporting facts for the claim allege something else. (*See* Doc. 1 at 3.)  In any event, Plaintiff alleges the possible lack of access to the courts occurred in February (or May) of 2017.  Thus, it had no bearing on Plaintiff's ability to file within the limitation period.

In response to the Memorandum and Order to Show Cause ("MOSC") issued by the Court (Doc. 11), Plaintiff seems to argue that he was incompetent at the time of the incident and remained incompetent for the entirety of the limitations period.  (*See* Doc. 12 at 2.)  Kansas law provides that "if at any time during the period the statute of limitations is running the person entitled to bring an action is 'incapacitated [,] ... such person shall be entitled to bring such action within one year after the person's disability is removed.'"  *Storts v. Hardee's Food Sys., Inc.*, 210 F.3d 390 (10th Cir. 2000) (quoting K.S.A. § 60-515(a)).  An incapacitated person is defined under Kansas law as "an individual whose ability to receive and evaluate relevant information, or to effectively communicate decisions, or both, even with the use of assistive technologies or other supports, is impaired to the degree that the person lacks the capacity to manage the person's estate, or to meet essential needs for the person's physical health, safety or welfare, as defined in K.S.A. 59-3051, and amendments thereto, whether or not a guardian or a conservator has been appointed for that person."  K.S.A. § 77-201.  A party wishing to rely on the tolling provided by K.S.A. § 60–515 "must assert facts justifying its application in the complaint."  *Lowe v. Surpas Res. Corp.*, 253 F. Supp. 2d 1209, 1249 (D. Kan. 2003) (citing *Seymour v. Lofgreen,* 495 P.2d 969, 974 (Kan. 1972) ("[w]here the injured party does not assert legal incapacity as a cause for delay in commencing an action in court, such injured party stands in the position of a person possessing the attributes of a person with legal capacity, when confronted with the two-year statute of limitations in a negligence action"); *Gardner v. Toyota Motor Sales, U.S.A., Inc.,* 793 F. Supp. 287, 289–90 (D. Kan. 1992)

7

("Under Kansas law, a party seeking to raise the tolling provisions provided by 60–515 must assert the facts justifying its application in his complaint"); *Storts v. Hardee's Food Sys., Inc.,* 919 F. Supp. 1513, 1522 (D. Kan. 1996) (same)).

The uncontroverted facts show that Plaintiff's competence was questioned and evaluated more than once during the limitations period. (*See* Section II, *supra*, Uncontroverted Facts, 1, 5, 9, 12, 15, 20, 21, 22, 24.) It appears that Plaintiff was at Osawatomie State Hospital from May 23 until June 13, 2017. He was involuntarily committed on November 30, 2017 and sent to OSH. Long was released from OSH at least by January 5, 2018 when he was arrested on a bench warrant. There were two other times in the relevant period that mental evaluations were ordered, but the results are not in the record, other than that Plaintiff was found competent to proceed on his Missouri charges in November 2019. Even taking into consideration the time he spent, or may have spent, at OSH, he did not file this lawsuit within the limitation period.

The fact remains that Plaintiff did not raise the issue of his capacity in his response to Defendant's motion, let alone in his Complaint. *See Lowe*, 253 F. Supp. 2d at 1249. Plaintiff bears the burden of proof and has presented no evidence to support his contention that he was incapacitated to the extent that he was unable to pursue his legal rights. *See Aldrich.,* 627 F.2d at 1041 n. 4; *Slayden,* 825 P.2d at 122.

Kansas also recognizes the doctrine of equitable tolling but seems to apply it only where defendants did "something that amounted to an 'affirmative inducement to plaintiff to delay bringing the action.'" *Friends University v. W.R. Grace & Co.,* 608 P.2d 936, 941 (Kan. 1980) (quoting *Rex v. Warner,* 332 P.2d 572 (Kan. 1958)). Plaintiff has not asserted equitable tolling, and the record fails to support a claim that Defendant affirmatively induced Plaintiff into delaying his filing of this suit.

Plaintiff failed to file his Complaint within the limitations period, and Plaintiff has not met his burden of establishing a factual basis for tolling the limitations period.  *See Aldrich,* 627 F.2d at 1041 n. 4; *Slayden,* 825 P.2d at 122.  Accordingly, Plaintiff's Complaint must be dismissed on that basis.

Defendant also argues that he is entitled to judgment as a matter of law, whether he was named in his individual capacity or his official capacity.  The uncontroverted facts demonstrate that Defendant did not become the Sheriff of Linn County until October 8, 2019, more than two years after the alleged incident, and he was not employed in any other capacity at the LCJ at the time of the incident.

As Defendant points out, an essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997).  Because Defendant could not have personally participated in the alleged incident or the conditions at the LCJ, he is entitled to summary judgment on an individual capacity claim.

A claim against Defendant in his official capacity is treated as a claim against Linn County. *See Myers v. Okla. County Bd. of County Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998).  To impose § 1983 liability on the county and its officials for acts taken by its employee, a plaintiff must show that the employee committed a constitutional violation and that a county policy or custom was "the moving force" behind the constitutional violation.  *Myers v. Oklahoma County Bd. of County Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998) (citing *see Monell v. Department of Social Services*, 436 U.S. 658, 695 (1978)).  The Supreme Court explained that in *Monell* they decided "a municipality can be found liable under § 1983 only where the municipality itself causes

the constitutional violation at issue." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–86 (1989). Plaintiff has pointed to no policy of Linn County and no causal link between any such policy and the allegedly unconstitutional acts or inactions of which Plaintiff complains. Therefore, Plaintiff also fails to state a claim against Defendant in his official capacity.

## V.     Conclusion

Defendant is entitled to summary judgment in his favor because Plaintiff's claims are time-barred and because Plaintiff fails to state a claim against Defendant in either his individual or official capacity. The case is dismissed.

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for Summary Judgment (Doc. 31) is **granted.**

**IT IS FURTHER ORDERED** that this case is **dismissed with prejudice.**

**IT IS SO ORDERED**.

**Dated January 13, 2022, in Topeka, Kansas.**

s/ Sam A. Crow_____
**Sam A. Crow**
**U.S. Senior District Judge**